Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Special Counsel for JPK NewCo LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | |
| JPK NewCo LLC, | Case No. 25-200-ELG |
| Debtor. | Chapter 11 |
| Developer RE1 LLC, | |
| Plaintiff, | Adv. Case No. _____ |
| | State Court Case 2022-CAB-005935 |
| v. | |
| DP Capital LLC; Russell Drazin; Daniel Huertas; SF NU, LLC; WCP Fund I LLC; and JPK NewCo LLC, | |
| Defendants. | |
| 423 Kennedy St Holdings LLC, | |
| Plaintiff, | State Court Case 2022-CAB-005935 (State Court Cases Consolidated) |
| v. | |
| DP Capital LLC; Russell Drazin; Daniel Huertas; WCP Fund I LLC; and JPK NewCo LLC, | |
| Defendants. | |

1

## NOTICE OF REMOVAL

Comes now JPK NewCo LLC ("JPK"), by and through undersigned counsel, pursuant to Section 1452 of Title 28 of the United States Code, Section 1334 of Title 28 of the United States Code, and Federal Rule of Bankruptcy Procedure 9027, and hereby gives notice of the removal of the above-captioned consolidated matters from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia (which, as noted *infra*, results in the referral of the matter to the United States Bankruptcy Court for the District of Columbia), and in support thereof notes as follows:

### The Removed Cases

1. These are civil actions commenced in the Superior Court of the District of Columbia by Developer RE1 LLC ("DRL"), on or about December 16, 2022, and by 423 Kennedy St Holdings LLC ("423 Kennedy"), on or about July 13, 2023, with the two cases being subsequently consolidated on or about June 11, 2024.

2. DRL owns the real property located at 5501 First Street, NW, Washington, DC 20011 (the "DRL Property").

3. 423 Kennedy owns the real property located at 423 Kennedy Street, NW, Washington, DC 20011 (the "423 Kennedy Property").

4. WCP Fund I LLC ("WCP") loaned monies to both DRL and 423 Kennedy, securing such loans with deeds of trust fixed upon the DRL Property and the 423 Kennedy Property, respectively.

5. WCP declared both loans to be in default following the occurrence of various breaches of the promissory notes and deeds of trust; despite such defaults, WCP permitted each borrower until the maturity date of the loans to pay off the underlying promissory notes.

6. When neither 423 Kennedy nor DRL paid their correlative loans at maturity, WCP commenced the process of foreclosing upon the respective properties.

7. These cases were brought by 423 Kennedy and DRL in an effort to (i) enjoin WCP from foreclosing; (ii) assert WCP did not have the right to declare defaults under the promissory notes and deeds of trust; and (iii) seek various forms of damages, including forfeiture and monetary damages.

8. 423 Kennedy and DRL are also suing (i) Russell Drazin, the substitute trustee under the deeds of trust, on a theory of breach of fiduciary duty; and (ii) Daniel Huertas, DP Capital LLC, and SF NU, LLC, on various theories (though SF NU, LLC is only a party to one of the two consolidated cases), some of which are pegged to ownership of the promissory notes and rights under the deeds of trust.

9. Certain promissory notes and correlative deeds of trust, implicated in these two consolidated cases, are now held by JPK, the above-captioned debtor.

10. 423 Kennedy and DRL are also suing JPK as part of these consolidated actions, seeking similar relief and endeavoring to avoid the conveyance of two promissory notes and correlative deeds of trust to JPK.

11. The core litigation goals in these two cases, on the parts of DRL and 423 Kennedy, appear to be frustrating the collection efforts of JPK and the other defendants, challenging the indebtedness owed and seeking relief from the terms of commercial loan documents.

**The JPK Bankruptcy and Related Adversary Proceeding**

12. On May 27, 2025, JPK filed a voluntary petition for chapter 11 relief, pursuant to the allowances of Section 301 of Title 11 of the United States Code, therein electing to proceed under Subchapter V of chapter 11.

13. At all times since, JPK has been a debtor-in-possession.

14. DRL has filed a proof of claim, in JPK's bankruptcy case, therein expressly indicating the facts supporting such claim are "outlined" in the above-captioned, now-removed civil litigation.

15. 423 Kennedy has also filed a proof of claim in JPK's bankruptcy case, therein expressly indicating the facts supporting such claim are "outlined" in the above-captioned, now-removed civil litigation.

16. In connection with JPK's chapter 11 case, JPK has brought suit against DRL and 423 Kennedy seeking, *inter alia*, a turnover of monies due and owing under fully matured promissory notes, alongside varies forms of declaratory relief. *See JPK NewCo LLC v. Developer RE1 LLC, et al.*, Case No. 25-10015-ELG (Bankr. D.D.C. 2025).

17. The promissory notes at issue in the foregoing adversary proceeding are amongst those at issue in this now-removed litigation.

18. The declaratory relief sought in the foregoing adversary proceeding overlaps, partially but substantively, with various issues to be adjudicated in this now-removed litigation.

**Core Status**

19. Insofar as the claims brought by DRL and 423 Kennedy in this case now inform proofs of claim in JPK's bankruptcy, this is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

20. Insofar as JPK is also asserting claims against DRL and 423 Kennedy, emanating from the same subject matter as the proofs of claim lodged by DRL and 423 Kennedy, this is a core proceeding. 28 U.S.C. § 157(b)(2)(C).

21. Insofar as this case concerns the same subject matter as JPK's suit against DRL and 423 Kennedy for turnover, this is a core proceeding. 28 U.S.C. § 157(b)(2)(E).

22. Insofar as this now-removed litigation concerns an allegation that JPK received assets via fraudulent conveyance, this is a core proceeding. 28 U.S.C. § 157(b)(2)(H).

23. Insofar as this now-removed litigation challenges the extent of liens held by JPK, and challenges JPK's ability to foreclose upon those liens, this is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

24. Insofar as this now-removed litigation seeks an order permanently enjoining JPK from utilizing lien instruments that are assets of its estate, this is a core proceeding. 28 U.S.C. § 157(b)(2)(M).

25. Insofar as this now-removed litigation seeks to prevent JPK from liquidating two assets of the bankruptcy estate, and the outcome of this litigation will profoundly impact JPK's reorganization, this is a core proceeding. 28 U.S.C. §§ 157(b)(2)(O), 157(b)(2)(A).

### Formalistic Recitations

26. As acknowledged by the Superior Court of the District of Columbia, the proceedings in these two cases are subject to the automatic stay set forth in Section 362 of Title 11 of the United States Code. Such stay has never been terminated.

27. Pursuant to DCt.LBR 5011-1, these consolidated cases are automatically referred to the United States Bankruptcy Court for the District of Columbia upon being removed from the Superior Court of the District of Columbia.

28. Attached hereto as Exhibit A is "a copy of all process and pleadings," together with all docket entries, in the consolidated cases.

29. A copy of this notice is being docketed in the Superior Court of the District of Columbia, in a manner substantially contemporaneous with its filing herein, sans Exhibit A.

30. The Defendants consent to the entry of final orders or judgments of the United States Bankruptcy Court for the District of Columbia.

                                                             Respectfully submitted,

Dated: September 1, 2025                          By: /s/ Maurice B. VerStandig
                                                       Maurice B. VerStandig, Esq.
                                                         Bar No. MD18071
                                                         The VerStandig Law Firm, LLC
                                                         1452 W. Horizon Ridge Pkwy, #665
                                                         Henderson, Nevada 89012
                                                         Phone: (301) 444-4600
                                                         Facsimile: (301) 444-4600
                                                         mac@mbvesq.com
                                                         *Counsel for the Defendants*

*[Certificate of Service on Following Page]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of September, 2025, a copy of the foregoing is being tendered to a third party commercial mailing vendor to be sent, via first class mail, postage prepaid, on September 2, 2025, to:

James D. Sadowski, Esq.
Greenstein DeLorme & Luchs, P.C.
801 17th Street, NW
Suite 1000
Washington, DC 20006
*Counsel for Developer RE1 LLC and*
*423 Kennedy St Holdings LLC*

Alexandria J. Smith, Esq.
Greenstein DeLorme & Luchs, P.C.
801 17th Street, NW
Suite 1000
Washington, DC 20006
*Counsel for Developer RE1 LLC and*
*423 Kennedy St Holdings LLC*

423 Kennedy St Holdings, LLC
1629 K Street, NW
Suite 300
Washington, DC 20006

Developer RE1 LLC
1629 K Street, NW
Suite 300
Washington, DC 20006

A copy is also being sent to each of the foregoing lawyers, electronically, through the docketing of this notice in the consolidated Superior Court case.

/s/ Maurice B. VerStandig
Maurice B. VerStandig