**KUTAK ROCK LLP**
Jeremy S. Williams (DC 994825)
1021 East Cary Street, Suite 810
Richmond, Virginia 23219
Phone: (804) 644-1700
Fax: (804) 783-6192
*Co-Counsel for Developer RE1, LLC and
423 Kennedy St Holdings, LLC*

**GREENSTEIN DELORME & LUCHS, P.C.**
James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Chapter 11 |
| JPK NEWCO, LLC, | Case No. 25-00200 (ELG) |
| Debtor. | |
| DEVELOPER RE1, LLC, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 25-10037-ELG |
| | State Court Case 2022-CAB-005935 |
| DP CAPITAL LLC, *et al*, | |
| Defendants. | |
| 423 KENNEDY ST HOLDINGS, LLC, | |
| Plaintiff, | |
| v. | State Court Case 2022-CAB-005935 |
| | (State Court Cases Consolidated) |
| DP CAPITAL LLC, *et al*, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR WITHDRAWAL OF THE REFERENCE AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT

Developer RE1, LLC ("RE1") and 423 Kennedy St Holdings, LLC ("423 Kennedy" and together with RE1, the "Plaintiffs"), by and through undersigned counsel and pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure and Local Rule 5011 of the U.S. District Court for the District of Columbia, hereby moves the U.S. District Court for the District of Columbia (the "District Court")[1] to enter an Order withdrawing the reference of Adversary Proceeding No. 25-10037 (ELG), styled as *Developer RE1, LLC, et al. v. DP Capital LLC, et al.*  In support thereof, the Plaintiffs state as follows:

<u>**SUMMARY OF ARGUMENT**</u>

1.      More and more, appellate courts throughout the United States have decried the efforts of debtors to seek bankruptcy court jurisdiction through manipulation of a debtor's corporate structure.  Specifically, courts are denying bankruptcy court jurisdiction where debtors have sought to use the "Texas Two-Step" to silo off certain bad assets and then file bankruptcy on behalf of such entity.  In what is a creative move by JPK for sure, but a move nonetheless similar in sum and substance to the corporate manipulation that appellate courts shun, the WCP Fund I LLC ("WCP Fund") sought to silo certain of its assets with JPK and then file bankruptcy.  Just as siloing debt to create bankruptcy court jurisdiction is being denied by most appellate courts, so too should siloing assets to create bankruptcy jurisdiction be denied.  As a result, the Consolidated Cases either belong before the District Court or the D.C. Superior Court.

---

[1] Pursuant to both 28 U.S.C. § 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, it is District Court, and not the U.S. Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"), that hears a motion for withdrawal of the reference of an adversary proceeding in a bankruptcy case. Rule 5011-2(a) of the Local Rules of the District Court requires that this motion be filed with the Clerk of the Bankruptcy Court.  The Bankruptcy Court will transmit this motion to the clerk of the District Court.  Because the District Court will ultimately rule on Defendants' request for relief, this motion is directed to the District Court even though it is being initially filed in the Bankruptcy Court.

8161\0002\4936-1573-8480.v3

2.      The reference of this Adversary Proceeding to the Bankruptcy Court should be withdrawn for "cause" pursuant to 28 U.S.C. § 157(d). First, the Consolidated Cases concern state law claims for breach of contract, tortious interference with business relations, breach of the duty of good faith and fair dealing, breach of fiduciary duty by a trustee, to set aside fraudulent conveyances, and for declaratory judgments, with Plaintiffs requesting appropriate damages for those state law claims. Second, Plaintiffs' request for a withdrawal of the reference is timely and withdrawing the reference would promote judicial economy by allowing the District Court to adjudicate the claims rather than have two courts considering the same claims. Third, and most importantly, Plaintiffs' made a jury demand in the Consolidated Cases which only the District Court can hear.

3.      While the Bankruptcy Court may conduct certain proceedings, it cannot preside over a jury trial absent the parties' express consent. *See* 28 U.S.C. § 157(e). Plaintiffs do not consent and filed a Statement Not Consenting to Finals Orders of the Bankruptcy Court on September 15, 2025. Therefore, maintaining the reference would result in unnecessary duplication of judicial effort and the bifurcation of proceedings between the Bankruptcy Court and the District Court. The more sensible course is for this Court to withdraw the reference now and retain jurisdiction over both pretrial and trial proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

4.      JPK NewCo LLC ("JPK") filed a Notice of Removal of the D.C. Superior Court cases styled as *423 Kennedy St Holdings, LLC v. The WCP Fund, et al.,* Case No. 2023-CAB-004260 (D.C. Super. Ct.) and *Developer RE1, LLC v. the WCP Fund I, LLC, et al.,* 2022-CAB-005935 (D.C. Super Ct.) (the "Consolidated Cases") on or about September 1, 2025.

5.      JPK was created by the Defendants in the instant Adversary Proceeding for the improper purpose of: (a) delaying a jury trial on the Plaintiffs' claims in D.C. Superior Court and

hindering their ability to pursue their claims; and (b) so that the Defendants could relitigate prior

decisions from the D.C. Superior Court in Bankruptcy Court – a court that Defendants consider to

be a more advantageous forum that would make decisions more favorable to their positions. This

is the second time the WCP Fund, an insider of JPK, has attempted this maneuver. Specifically,

the WCP Fund previously sought to remove the Consolidated Cases to the Bankruptcy Court in

connection with a prior involuntary bankruptcy proceeding also filed by the insiders of JPK – WCP

Fund and DP Capital LLC. *See In re Charles Paret* [Case No. 23-00217; Adv. Proc. No. 24-

10023] (in which case WCP Fund also sought removal of a D.C. Superior Court case).

6.      Around the same time, JPK was subject to an involuntary bankruptcy proceeding

that was ultimately dismissed pursuant to the *Consent Order Granting the United States Trustee's*

*Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* [Case No. 24-02262; Dkt.

No. 85]. The Bankruptcy Court then remanded the Consolidated Superior Court Cases back to

D.C. Superior Court pursuant to the *Order Granting Renewed Motion to Remand* [Adv. Proc. No.

24-10023; Dkt. No. 64] on the bases of both mandatory and permissive abstention. As the

Bankruptcy Court correctly predicted at the remand hearing, JPK, however, would not and did not

give up.

7.      On May 27, 2025, JPK initiated the above-captioned proceeding under Subchapter

V of Chapter 11 of the Bankruptcy Code (the "Bankruptcy"). Almost immediately, thereafter,

JPK, among others, initiated an adversary proceeding against the Plaintiffs [Adv. Proc. No. 25-

10015] (the "Second Adversary") which is premised on the exact same issues before the D.C.

Superior Court pursuant to the Consolidated Superior Court Cases.

8.      Despite the fact that the issues raised not only in this Bankruptcy but also the

Second Adversary, can and should be addressed by the D.C. Superior Court; despite the fact that

the issues are already well underway of being resolved by the D.C. Superior Court and parties were scheduled for a jury trial; and despite the fact that JPK has no direct threat or business operations that require an immediate restructuring, JPK has nonetheless sought to cut off the rights of the Plaintiffs and has forged ahead with its Bankruptcy and the Second Adversary. JPK has now removed the Consolidated Cases for a second time.

9. As of the date of this motion, Plaintiffs have filed a Motion for Remand and Statement Not Consenting to Final Orders. A copy of each respective filing is included in the combined relevant documents.

## REQUESTED RELIEF

### I. The Reference should be withdrawn for "cause" pursuant to 28 U.S.C. § 157(d).

10. The District Court has jurisdiction over all civil proceedings "arising under" the Bankruptcy Code, or "arising in" or "related to" cases under the Bankruptcy Code. 28 U.S.C. § 1334. However, 28 U.S.C. § 157(d) permits the District Court to withdraw the reference to the Bankruptcy Court in "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11."

11. Despite a referral to the bankruptcy court, 28 U.S.C. § 157(d) provides for circumstances in which the district court may permissively withdraw the reference to the bankruptcy court:

> The district court may withdraw, in whole or in part, any case or proceedings referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157(d).

12. 28 U.S.C. § 157(d) also provides for circumstances in which the district court must withdraw the reference in instances where the reference impacts interstate commerce:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

13.     The District Court should withdraw the reference to the Bankruptcy Court in this case for "cause." 28 U.S.C. § 157(d). The majority of courts consider multiple factors to determine "cause," including: (1) whether the claims involved are core or non-core; (2) the most efficient use of judicial resources; (3) expediting the bankruptcy process; (4) uniformity of bankruptcy administration; (5) prevention of forum shopping; and (6) other related factors, including reducing confusion and a request for a jury trial. *See Orion Picture Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F. 3d 1095, 1101 (2d Cir. 1993) (citations omitted); *In re H&W Motor Express Co.,* 343 B.R. 208, 214 (N.D. Iowa 2006).[2]

**A.      The District Court should withdraw the reference to the Bankruptcy Court because the Adversary Proceeding is a non-core proceeding.**

14.     A court considering a motion to withdraw the reference should first evaluate whether the underlying claims are core or non-core. *See In re Orion Pictures Corp.*, 4 F. 3d at 1101; *Kelley v. JPMorgan Chase & Co.*, 464 B.R. 854, 861 (D. Minn. 2011). Here, the claims set forth in the Consolidated Cases are solely based on questions of state law.

15.     Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in, or related to cases under title 11." "A proceeding 'arises under' title 11 if a claim asserted is created by or based on a

---

[2] Courts have found "cause" to exist when there is a need for extensive discovery, expert testimony, a lengthy trial, or when the proceeding is exceptionally complex. *See In re Leedy Mortg. Co., Inc.*, 62 B.R. 303, 306 (E.D. Pa. 1986); *In re Enron Creditors Recovery Corp.*, 410 B.R. 374, 385-85 (S.D. N.Y. 2008).

8161\0002\4936-1573-8480.v3

provision of the bankruptcy code." *C & B, L.L.C. v. Grubbs Emergency Servs., Inc. (In re Grubbs Construction Co.)*, 305 B.R. 476, 480 (Bankr. W.D. Ark. 2003) (citations omitted); *see Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 377 (Bankr. E.D. Ark. 2003). A proceeding "arises in" a case if it is has no existence outside the bankruptcy case and is not based on any right created by the Bankruptcy Code. *Id.* The Eighth Circuit has identified core proceedings as those that "arise under" or "arise in" a bankruptcy case, while non-core proceedings are only "related to" the bankruptcy case. *Id.* (citations omitted); *Schmidt v Klein Bank* (*In re Schmidt*), 453 B.R. 346, 351 (B.A.P. 8th Cir. 2011) (under *Stern v. Marshall*, a matter is core only if it arises in a bankruptcy case or under title 11, regardless of whether the matter fits into one of the enumerated examples in § 157(b)(2)); *see also, Specialty Mills v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995) ("Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law").

16.   The Court should withdraw the reference to ensure proper jurisdiction. As the bankruptcy court stated in *Boyer v. Johnson (In re Golden Gulf)*, *"*if jurisdiction is found by an appellate court to be lacking, any judgment rendered by the bankruptcy court will have been a useless and futile effort—one which it may be advisable to avoid by having that court take jurisdiction which unquestionably has it." 73 B.R. 685, 688-689 (Bankr. E.D. Ark. 1987). Bankruptcy courts have an equal interest in preventing Article III status from being conferred by accident and must be constrained in interpreting the laws delegating it power, "lest it be accused of arrogating Article III powers to itself." *Id.* at 689, n.15 (citing *Matter of Richardson*, 52 B.R. 527, 533 (Bankr. W.D. Mo. 1985)).

17.   Additionally, the Plaintiffs are entitled to have the reference withdrawn because Plaintiffs do not consent to the Bankruptcy Court's jurisdiction to conduct a jury trial. In *Northern*

7

*Pipeline Constr. Co. v. Marathon Pipe Line Co.*, the United States Supreme Court held unconstitutional certain provisions of the Bankruptcy Act of 1978, which permitted non-Article III bankruptcy courts to exercise jurisdiction over state-created private rights that arise independent of a bankruptcy case and which thereby allowed bankruptcy courts to adjudicate such claims to finality. 458 U.S. 50, 87 (1982). Chief Justice Burger, describing the majority's holding in *Northern Pipeline* in his dissent, noted that "a 'traditional' state common-law action…must, absent the consent of the litigants, be heard by an 'Art[icle] III court' if it is to be heard by any court or agency of the United States." *Id.* at 92. Article III courts and judges are those courts and judges which derive their judicial power from Article III of the Constitution. Bankruptcy courts and judges were created by the Bankruptcy Act of 1978 and are not Article III courts and judges. *Id.* Congress responded to the *Northern Pipeline* decision by enacting the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "Judicial Code"), 28 U.S.C. §§ 1334 and 157. Through the Judicial Code, Congress restructured the statutory grant of jurisdiction to bankruptcy courts, distinguishing between "core" bankruptcy proceedings and "non-core" proceedings.

18.    Since the claims set forth in the Consolidated Cases are solely questions of state law, the claims are not based on bankruptcy law and could exist entirely outside the bankruptcy case. *See In re Grubbs Construction Co.*, 305 B.R. at 480; *Flintrol, Inc. v. Wal-Mart Stores, Inc. (In re Flintrol, Inc.)*, 92 B.R. 824, 827 (Bankr. E.D. Ark. 1988). Thus, the instant Adversary Proceeding is a non-core proceeding since it cannot be considered as arising under or in a case under title 11 and jurisdiction is solely established under 1334(b) as "related to" a case under title 11. *See id.*

19.     The extent bankruptcy courts can render judgments on non-core claims was further examined under *Stern v. Marshall*, which found that bankruptcy courts cannot finally determine actions that are "independent of federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in the bankruptcy." 131 S. Ct. 2594, 2611 (2011).

20.     The Consolidated Cases seek relief that solely involve questions of state law and thus the withdrawal of reference is appropriate under 28 U.S.C. § 157(d).

**B.     Withdrawing the reference to the Bankruptcy Court promotes judicial economy.**

21.     Judicial economy is best promoted by withdrawing the reference to the Bankruptcy Court and allowing the Consolidated Cases to proceed in the District Court since Plaintiffs do not consent to jurisdiction by the Bankruptcy Court.  Plaintiffs demanded a jury trial in the Consolidated Cases and the Bankruptcy Court cannot render a final order in the Adversary Proceeding.  As mentioned previously, the Consolidated Cases present purely state law claims and there is no jurisdictional basis for the Adversary Proceeding apart from 28 U.S.C. § 1334.  There are no issues presented under the Adversary Proceeding that are unique to bankruptcy law and any argument regarding jurisdictional basis for the Adversary Proceeding is questionable at best.  This is not a situation where there are additional core issues that the Bankruptcy Court could adjudicate and the state law causes of action in the Consolidated Cases are best determined by the District Court who routinely hears such matters.

22.     Additionally, no substantive proceedings have occurred since the removal of this action to the Bankruptcy Court.  The case is still in its early stages with the Bankruptcy Court after being removed, making this an appropriate and efficient juncture for the District Court to withdraw the reference.

9

C.    **The District Court should withdraw the reference to the Bankruptcy Court because Plaintiffs are entitled to a jury trial.**

23.    In this case, withdrawal of the reference is warranted because Plaintiffs are entitled to a jury trial.  In fact, the D.C. Superior Court scheduled the Consolidated Cases for a jury trial prior to Defendants' first attempt to remove the case.  Plaintiffs' timely assertion of this right is by itself cause to withdraw the reference under 28 U.S.C. § 157(d).  *See In re Orion Pictures Corp.*, 4 F.3d at 1101.

24.    The Seventh Amendment provides a right to a jury trial for claims in which legal rights are at issue.  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).  Congress has no right "to strip parties contesting matters of private right of their constitutional right to a trial by jury." *Id.* at 51-52.  In addition, Rule 9015 of the Federal Rules of Bankruptcy Procedure incorporates Rule 38 of the Federal Rule of Civil Procedure which provides that "(t)he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

25.    An action to recover contract damages, tortious interference with business relations, breach of the duty of good faith and fair dealing are state-created private rights, which must be tried by jury if properly and timely demanded.  *See Paulin v. George Wash. Univ. Sch. of Med. & Health Scis.,* 45 F. Supp. 3d 9, 10 (D.D.C. 2014) (Jury returned verdict in favor of defendant involving an action for breach of contract and breach of implied covenant of good faith and fair dealing); *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982); *Whitehead v. Shattuck,* 138 U.S. 146, 151 (1891) ("where an action is simply for the recovery . . . of a money judgment, the action is one at law"); *see also In re Lee Way Holding Co.*, 118 B.R. 544, 548 (Bankr. S.D. Ohio 1990).  The Bankruptcy Court can only preside over jury trials if there is a specific designation by the District Court and both parties expressly consent. 28 U.S.C. 157(e);

10

*Hedback v. Am. Family Mut. Ins. Co. (In re Mathews)*, 203 B.R. 152, 159 (Bankr. D. Minn. 1996). In *Winrock Grass Farms, Inc. v. Affiliated Real Estate Appraisers of Arkansas, Inc. (In re Winrock Grass Farms, Inc.)*, the debtor filed an adversary complaint alleging fraud, interference with business expectancy, negligence, and breach of fiduciary duties — all non-core causes of action. No. 4:07MC00013, 2008 WL 350143 (E.D. Ark. Feb. 7, 2008). The debtor requested a jury trial and the defendants refused to consent to a jury trial in the bankruptcy court. *Id.* at *2. The court found that the reference must be withdrawn because the debtor was suing for money damages based on state law causes of action, the lawsuit did not affect the debtor-creditor relationship because the defendant was no longer a creditor and the parties did not consent to a jury trial in the bankruptcy court. *Id.* at 6-7. Similarly, the reference should be withdrawn in this case since the Consolidated Cases raise state law causes of action for breach of contract and Plaintiffs do not consent to jurisdiction of the Bankruptcy Court.

<u>**CONCLUSION**</u>

The District Court should withdraw the reference to the Bankruptcy Court in the Adversary Proceeding. The counts in the Consolidated Cases are non-core and relate directly to state law claims for breach of contract, tortious interference with business relations, breach of the duty of good faith and fair dealing, breach of fiduciary duty by a trustee, and to set aside fraudulent conveyances that and should be adjudicated by the District Court. The claims asserted in the Consolidated Cases give rise to a right to trial by jury and the District Court would promote judicial economy by adjudicating the claims in this case and the claims involving the same facts and circumstances in AP 25-10015 from start to finish.[3] Thus, cause exists under 28 U.S.C. § 157(d) to withdraw the reference from the Bankruptcy Court.

---

[3] Plaintiffs likewise filed a Motion to Withdraw the Reference of Adversary Proceeding No. 25-10015 (ELG), styled as *JPK NewCo, LLC, et al. v. Developer RE1, LLC, et al.* filed by JPK, WCP

8161\0002\4936-1573-8480.v3

**WHEREFORE**, Plaintiffs pray that their Motion for Withdrawal of the Reference be granted and the Court grant such other and further relief as deemed just and appropriate.

Respectfully submitted,

Dated:  October 6, 2025

**DEVELOPER RE1, LLC AND 423 KENNEDY ST HOLDINGS, LLC,**

/s/ Alexandria J. Smith
James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
GREENSTEIN DELORME & LUCHS, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410
Email: jds@gdllaw.com

and

Jeremy S. Williams (DC 994825)
KUTAK ROCK LLP
1021 East Cary Street, Suite 810
Richmond, Virginia  23219
Phone: (804) 644-1700
Fax: (804) 783-6192
Email: jeremy.williams@kutakrock.com

*Co-Counsel for Developer RE1, LLC and
423 Kennedy St Holdings, LLC*

---

Fund I LLC, SF NU, LLC, and Russell Drazin, which is currently pending in the U.S. Bankruptcy Court for the District of Columbia.

8161\0002\4936-1573-8480.v3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th  day of October, 2025, a true copy of the foregoing

was served electronically and a Notice of Electronic filing should be sent to all persons receiving

notices via the Court's CM/ECF system.


/s/ Alexandria J. Smith
Alexandria J. Smith

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br><br><br>JPK NEWCO, LLC,<br><br>Debtor. | Civil Action No. _____<br><br>Related Bankruptcy<br>Case No. 25-00200 (ELG) |
| DEVELOPER RE1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DP CAPITAL LLC, *et al*,<br><br>Defendants. | Adv. Proc. No. 25-10037-ELG<br>State Court Case 2022-CAB-005935 |
| 423 KENNEDY ST HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DP CAPITAL LLC, *et al*,<br><br>Defendants. | State Court Case 2022-CAB-005935<br>(State Court Cases Consolidated) |

## [PROPOSED] ORDER GRANTING MOTION FOR WITHDRAWAL OF THE REFERENCE

Upon consideration of the Motion for Withdrawal of the Reference by the Defendants ("Motion"), any opposition thereto, any reply, and the record in this case, the Court finds that good cause exists to grant the relief requested. Accordingly, it this _____ day of _____, 2025, hereby, ORDERED that the Motion be, and the same hereby is, GRANTED.

14

_____

United States District Judge


Service to:

Maurice Belmont VerStandig, Esq.
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, MD  20854

James D. Sadowski, Esq.
Alexandria J. Smith, Esq.
Greenstein Delorme & Luchs, P.C.
801 17th Street, N.W.
Suite 1000
Washington, DC  20006

Jeremy Williams, Esq.
1021 East Cary Street, Suite 810
Richmond, Virginia 23219

8161\0002\4936-1573-8480.v3