**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA** [1]

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| JPK NEWCO, LLC, | ) Case No. 25-00200 (ELG) |
| | ) |
| Debtor. | ) Subchapter V |
| | ) |
| JPK NEWCO, LLC, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Adv. Proc. No. 25-10015 (ELG) |
| | ) |
| DEVELOPER RE1, LLC, *et al*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| DEVELOPER RE1, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Adv. Proc. No. 25-10037-ELG |
| | ) State Court Case 2022-CAB-005935 |
| DP CAPITAL LLC, *et al*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY TO OPPOSITIONS
TO MOTIONS TO WITHDRAW THE REFERENCE**

Developer RE1, LLC ("RE1") and 423 Kennedy St Holdings, LLC ("423 Kennedy" and

together with RE1, the "Movants"), by counsel, file their reply to Respondents' Oppositions to

Motions to Withdraw the Reference. The Oppositions mischaracterize both the procedural posture

---

[1] The Local Rules of this U.S. District Court for the District of Columbia require a reply to be filed ". . . with the Clerk of the District Court. . ." DCt.LBR 5011-6(b). However, there does not yet exist a District Court case number for these matters, so this Consent Motion is being filed in the United States Bankruptcy Court for the District of Columbia. *See* DCt.LBR 5011-5(2) (providing for filing in the Bankruptcy Court before a District Court docket is opened).

4904-5755-6598.1
8161\0002\4924-9743-3974.v1

and the substance of the Motions to Withdraw the Reference, suggesting that the requests to withdraw the reference are yet another effort to "scuttle" these proceedings. That claim is simply wrong. To be clear, it is Respondents who "siloed" off certain assets to JPK NewCo, LLC to manufacture bankruptcy court jurisdiction. It is also the Respondents who stalled the consolidated D.C. Superior Court cases by filing a notice of removal not once, but twice. The first removal caused the D.C. Superior Court to cancel the September 9, 2024 date for a jury trial. Respondents unashamedly acknowledge this gamesmanship in their Oppositions. *See* Opp's. at p. 5 ¶ 10. This maneuver, the cousin of the Texas two-step (where liabilities are siloed, as opposed to assets), further underscores why Movants filed their Motions. While the Bankruptcy Court may be versed in matters related to the commercial debtor/creditor relationship, the bankruptcy courts were not created to enable litigants, though procedural maneuvering, to transfer state law claims to the bankruptcy courts in order to either try to avoid and reverse adverse decisions, or to gain a tactical advantage. The procedural (timeliness) arguments fail and the substantive arguments about "core" jurisdiction are overstated in the Oppositions.

I.    The Motions Were Timely Filed

Respondents' timeliness arguments are not supported by DCt.LBR 5011-2(b). The rule requires that a motion to withdraw the reference be filed "within 35 days of service of the paper giving rise to the basis for the motion." *See* DCt.LBR 5011-2(b) (underlined emphasis added). The rule does not define what that "paper" could or must be. Fed. R. Bankr. Proc. 5011 also does not contain a hard deadline for the filing of a motion for withdrawal of the reference, instead leaving it up to the individual district courts to fashion their own rules.

As for Adv. Proc. No. 25-10015, the paper giving rise to the basis for the motion to withdraw the reference was the Bankruptcy Court's minute entry dated September 5, 2025. In this

2

minute entry, the Bankruptcy Court memorialized its decision to deny the Defendants' Motion to Stay and Motion for Abstention. *See* ECF # 18 in Adv. Proc. No. 25-10015. Only at this point did it become clear the matter would remain in the Bankruptcy Court. The basis for withdrawal was not, as Respondents argue, the initial filing or removal of the adversary proceeding, but the Bankruptcy Court's decision not to abstain. Only at that point did it become clear that the Bankruptcy Court intended to adjudicate the merits of the adversary case.[2]

With respect to Adv. Proc. No. 25-10037, the Motion was filed on October 6, 2025, 35 days after the date the case was filed (September 1, 2025) -- the earliest possible date that anyone could argue was the deadline to file a motion to withdraw the reference. Nevertheless, the Respondents contend that the Motion was not timely because the Movants "attempted" to file the Motion on October 6, 2025, then "elected to file the Motions anew on October 8, 2025". *See* Opp. at 2, n2. This argument misstates the record. The Movants timely filed their Motion on October 6, 2025. On October 7, 2025, the Bankruptcy Court's Clerk's office issued a Notice of Deficiency in each case to correct a simple filing code selection error. The Deficiency Notices instructed the Movants to pay the filing fees and to "re-docket" the Motions by October 21, 2025. *See* Notices of Deficient Filing (ECF # 9 in Adv. Proc. No. 25-10037 and ECF # 24 in Adv. Proc. No. 25-10015). The Movants promptly corrected both deficiencies in less than 48 hours – fifteen days before the October 21, 2025 deadline. The failure to select the correct filing code when the Motions

---

[2]   Also before the Court at the September 4, 2025 hearing was the Motion for Expedited Hearing of a Motion for Remand filed in AP-25-10037. Although the Court did not rule on the Motion for Remand, the Court's reasoning for deciding not to abstain (in AP 25-10015) strongly suggested that the same reasoning would be used to deny the Motion for Remand in Adv. Proc. No. 25-10037.

4904-5755-6598.1
8161\0002\4924-9743-3974.v1

were timely filed on October 6, 2025 was neither substantive nor a fatal procedural defect that would render the motions untimely.[3]

## II.     The Underlying Claims are Not Core Proceedings

Respondents principally rely on one fact to assert that these cases are core -- a turnover action under section 542.  In essence, Respondents took the disputed state-law breach of contract claims and slapped a section 542 "turnover" label on them to enable them to argue that the claims are "core" so as to have them heard by the bankruptcy court.  Notably, many courts have condemned such a move as an improper attempt to manufacture core jurisdiction under section 542.  *See In re Satelco, Inc.*, 58 B.R. 781, 786 (Bankr. N.D. Tex. 1986) ("A turnover order, unlike a money judgment by a state or federal district court, is less a determination of liability than an exercise of the court's equitable power… Unless and until Debtor's claims against the defendants are liquidated in a court of competent jurisdiction or by agreement, they cannot be enforced here through a turnover order."); *In re Charter Co.*, 913 F.2d 1575, 1579 (11th Cir. 1990) ("Clearly, Congress envisioned the turnover provision of § 542 of the Code, 11 U.S.C. § 542 (1988), to apply to tangible property and money due to the debtor without dispute which are fully matured and payable on demand."); *DHP Holdings II Corp. v. Home Depot, Inc. (In re DHP Holdings II Corp.)*, 435 B.R. 264, 271 (Bankr. D. Del. 2010) ("The Court finds that Home Depot's answer disputing the account receivable and asserting entitlement to setoff and recoupment is sufficient to render the debt disputed.  An action is outside the scope of section 542(b) unless there is a debt that is 'matured, payable on demand, or payable on order.' 11 U.S.C. § 542(b).  Most courts require that the debt be undisputed for the action to be core… Therefore, the Court finds that the Debtors'

---

[3]    This was the first time that the Movants' counsel (Ms. Smith) had ever filed a motion to withdraw the reference.  The filing code for "Motion – Generic" was selected by Ms. Smith by mistake. The Clerk is empowered under LBR 5003-1 to issue a deficiency notice and a corresponding deadline to fix a simple filing code error.

4904-5755-6598.1
8161\0002\4924-9743-3974.v1

turnover action is a non-core claim because it seeks to collect a disputed pre-petition account receivable.").

Moreover, a case does not transform into a "core" proceeding merely because a proof of claim has been filed. The Movants filing of a proof of claim cannot retroactively convert independent state-law claims into "core" matters, nor strip the Movants of their right to an Article III adjudication and a jury trial. *See In re Satelco, Inc.*, 58 B.R. at 786. Relatedly, the Movants' claims are deemed allowed and uncontested unless an objection is filed. No objection has been filed. Finally, the Movants clearly indicated their opposition to the Bankruptcy Court handling state law claims (and a jury trial) by filing a Statement of No Consent to Final Orders with the Bankruptcy Court on September 15, 2025 and June 13, 2025. *See* ECF # 7 in Adv. Proc. No. 5-10037; ECF # 5 in Adv. Proc. No. 25-10015. There has been no effort by the Movants to delay these proceedings, but rather an attempt to resist, unmask, and prevent the Respondents' abuse of the Bankruptcy Court process.

III.  The Jury Trial Provisions – and the Respondents' Waiver of the Right the Enforce Those Provisions

Respondents correctly point out that there is a waiver of jury trial provision in the promissory notes signed by the Movants. This fact is not disputed. But Respondents failed to disclose to this Court that: (1) they consented to the scheduling of a jury trial at the second TRO hearing in the D.C. Superior Court on July 23, 2023; (2) they never filed a motion to strike the Movants' jury trial demands in either the D.C. Superior Court or the Bankruptcy Court after the AP cases were either initiated or removed; and (3) their counsel signed off on multiple, subsequent consent motions (and related proposed consent orders) that confirmed that the consolidated cases were set for a jury trial. A litigant, through inaction and/or active participation in litigation, can be found to have waived the right to enforce a jury trial waiver

5

provision in a contract.  Here, the Respondents actively participated in the underlying cases

since December of 2002, never filed a motion to strike any of the Movants' multiple jury trial

demands, and confirmed that the consolidated cases would be tried by a jury in multiple

consent motions that were filed -- and granted.  *See* Movants Relevant Documents list,

highlighted  in the snip below:

### RELEVANT DOCUMENTS

Adv. Proc. 25-10037 (ELG)

| Date | Docket No. | Description |
|---|---|---|
| 09/01/2025 | 1 | Adversary case 25-10037. Notice of Removal by Developer RE1 LLC, 423 Kennedy St Holdings LLC |
| 09/01/2025 | 1-1; pp. 1543-48 [1] | Hearing Order (setting deadlines and Jury Trial 9/9/24) |
| 09/01/2025 | 1-1; pp. 1560-65 | Consent Motion to Extend Scheduling Order Deadlines to Allow the Parties to Participate in a Private Mediation |
| 09/01/2025 | 1-1; pp. 1658-86 | Second Amended Complaint |
| 09/01/2025 | 1-1; pp. 1760-74 | Plaintiffs' Consent Motion to Consolidate and to Modify Scheduling Order |

The Respondents have waived any right they may have previously had to invoke the

waiver of jury trial provisions in the underlying loan documents through their conduct.  *See,*

*e.g., Coleman v. Lazy Days RV Ctr., Inc.,* 2007 U.S. Dist. LEXIS 67321, *5-6 (Middle Dist. FL

2007) (finding waiver where the defendant waited more than two years from the date this case was

originally filed to attack the jury trial demand).

The Movants have also asserted tortious interference claims against the Respondents

related to their sabotage of the Movants' refinancings of the loans with a third-party, Main

Street Bank.  Those claims are arguably outside the scope of the waiver of jury trial provisions

in the notes, which were designed to relate to claims under, or related to, the notes themselves,

6

not to any claim, of any kind, involving any person, at any time in the future, whether related to the notes or not.

IV.     Conclusion

The Respondents' invocation of the "normative rigors" of the bankruptcy system and efficiency cannot mask the reality:  these cases do not involve the effective reorganization of JPK NewCo, LLC or the typical debtor-creditor adjustments in a routine bankruptcy case that was filed in good faith.  Rather, the claims here arise from independent state-law claims, including breach of contract, breach of fiduciary duty, and tort claims, that predate the bankruptcy filing and exist wholly outside the claims-allowance process.  Withdrawal of the references here will not "upend" the bankruptcy system as Respondents suggest but instead affirm and restore the boundaries that Congress and the Supreme Court have drawn between core bankruptcy matters and independent state-law claims.  Respondents have also repeatedly suggested that the Movants doubt the Bankruptcy Court's diligence, which is another red herring.  This Motion is not about which court would do a better, or quicker, job of overseeing the advancement of these cases.  The question here is one of jurisdictional propriety.

4904-5755-6598.1
8161\0002\4924-9743-3974.v1

Respectfully submitted,

Dated:  October 29, 2025

**DEVELOPER RE1, LLC AND 423
KENNEDY ST HOLDINGS, LLC,**

/s/ Alexandria J. Smith
James D. Sadowski (DC 446635)
Alexandria J. Smith (DC 1781067)
GREENSTEIN DELORME & LUCHS, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400
Fax: (202) 452-1410
Email: jds@gdllaw.com

and

Jeremy S. Williams (DC 994825)
KUTAK ROCK LLP
1021 East Cary Street, Suite 810
Richmond, Virginia  23219
Phone: (804) 644-1700
Fax: (804) 783-6192
Email: jeremy.williams@kutakrock.com

*Co-Counsel for Developer RE1, LLC and
423 Kennedy St Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th  day of October, 2025, a true copy of the foregoing

Reply was served electronically and a Notice of Electronic filing should be sent to all persons

receiving notices via the Court's CM/ECF system.

/s/ Alexandria J. Smith
Alexandria J. Smith

4904-5755-6598.1
8161\0002\4924-9743-3974.v1