UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>JPK NEWCO, LLC,<br><br>*Debtor.* | Case No.: 25-00200-ELG<br><br>Purported Chapter 11 |
| JPK NEWCO, LLC, ET AL.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DEVELOPER RE1, LLC. ET AL.,<br><br>*Defendants.* | Adv. Proc. No. 25-10015-ELG |
| DEVELOPER RE1, LLC. ET AL.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DP CAPITAL, LLC, ET AL.,<br><br>*Defendants.* | Adv. Proc. No. 25-10037-ELG<br>State Court Case 2022-CAB-005935 |

**MOTION FOR STAYS, FOR ENTRY OF A SCHEDULING ORDER,**
**AND TO SET AN EVIDENTIARY HEARING**

Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy") (collectively, "Movants"), move this Court to partially stay the Chapter 11 case (25-00200-ELG), to stay the two related adversary proceedings (Adv. Proc. Nos. 25-10015-ELG and 25-10037-ELG), to enter a Scheduling Order, and to set an evidentiary hearing date on their Motion to Dismiss (ECF # 19 in the Chapter 11 case). The Chapter 11 case should be partially stayed, and the related adversary proceedings should be fully stayed, until after this Court

determines whether the underlying Chapter 11 case filed by JPK NewCo LLC ("JPK NewCo") was filed in bad faith.

## CONDENSED FACTUAL AND PROCEDURAL BACKGROUND

1. This Court already has substantial familiarity with the factual background of the underlying bankruptcy case and the two adversary proceedings that are tied to it, so all of the background facts will not be repeated again here.

2. On June 23, 2025, the Movants filed the Motion to Dismiss for Bad Faith (ECF No. 19 in 25-00200-ELG) ("Motion to Dismiss"). On July 23, 2025, the WCP Fund I filed an Opposition (ECF No. 29 in 25-00200-ELG ), and on July 24, 2025, the Debtor also filed an Opposition (ECF No. 30 in 25-00200-ELG).

3. After hearing oral argument on the Motion to Dismiss, on September 2, 2025, the Court issued its Order Denying the Motion to Dismiss (ECF #59 in 25-00200-ELG).

4. The Movants timely appealed this Court's decision to deny the Motion to Dismiss, and that appeal was assigned to U.S. District Court Judge Sparkle S. Sooknanan. *See In Re: JPK NewCo, LLC,* 1:25-cv-03250-SLS (the "Appeal Case").

5. After full briefing in the Appeal Case, on September 10, 2026, Judge Sooknanan issued a Memorandum Decision followed by a final order granting the Movant's appeal, vacating the Court's order denying the Motion to Dismiss, and remanding the Appeal Case to this Court "to examine all the relevant facts and circumstances and determine whether bad faith conduct warrants dismissal of the petition in this case." *See* ECF ## 23-24 in the Appeal Case.

6. On September 15, 2026 -- less than a week from Judge Sooknanan's remand decision – the Debtor filed a Notice of Appeal the to the U.S. Court of Appeals for the D.C.

Ciruict. The appeal of Judge Sooknanan's decision was assigned Case No. 26-7694 by the D.C. Circuit Court of Appeals. *See In Re JPK Newco, LLC*, Case No. 26-7694.

7. The Debtor did not seek a stay of Judge Sooknanan's decision pending appeal to the D.C. Circuit. The D.C. Circuit has also not yet decided whether to accept the Debtor's appeal, with initial procedural filings and dispositive motions deadlines set for October 19, 2026 and November 2, 2026, respectively.

8. The Movants request that the Court partially stay the Chapter 11 case -- except as to moving forward with deciding the Motion to Dismiss -- and that the Court stay the two, related adversary proceedings.

## THE LEGAL BASIS FOR THE MOTIONS

9. The Court has the inherent and statutory authority to issue orders to control its docket and to extend response deadlines in a bankruptcy case and an adversary proceeding. *See* 11 U.S.C. §105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *see also* LBR 7012-2 (providing for the extension of deadlines in an adversary proceeding); s*ee also Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.") (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

10. This Court should not be deciding any other issues in the Chapter 11 case and any further issues in the two related adversary proceedings -- whose jurisdiction is solely dependent upon the validity of the Chapter 11 petition -- until after the Motion to Dismiss has

been decided. The Court initially took this approach when the validity of the prior, involuntary Chapter 11 petition involving the Debtor was subject to a similar motion to dismiss filed by the U.S. Trustee's Office. *See* ECF #37 in 24-00262-ELG ("*JPK NewCo I")* (U.S. Trustee's motion to dismiss *JPK NewCo I* for cause under 11 U.S.C. § 1112(b)); *see also* ECF # 24 in Adv. Proc. 23-10023-ELG (continuing multiple motions while the motion to dismiss *JPK NewCo I* was pending).

11. Judicial economy would best be served in this case, and in the pending withdrawal of reference cases, by a partial stay of the Chapter 11 case and a stay of the two related adversary proceedings.[1]

## THE COURT SHOULD ENTER A SCHEDULING ORDER AND SET AN EVIDENTIARY HEARING IN THE CHAPTER 11 CASE

12. The remand order directed this Court to examine "*all* the relevant facts and circumstances" (emphasis added) in order to determine whether bad faith conduct warrants dismissal of the petition in this case.

13. As the Motion to Dismiss is without question a contested matter under Rule 9014, the Court should permit discovery by the Movants as to "all relevant facts and circumstances", enter a Scheduling Order, and set the Moton to Dismiss for a contested evidentiary hearing.

[1] The Movants will likely also be seeking a stay in the withdrawal of reference cases – *In Re JPK New Co, LLC,* 25-mc-00160-SLS and *In Re JPK New Co, LLC,* 25-mc-00161-SLS – because the pending motions in those cases will become moot if the Motion to Dismiss is granted.

## CONCLUSION

For these reasons, and for any reasons that may be advanced at the hearing on October 14, 2026, the Movants request that the Court partially stay the Chapter 11 case and stay the two related adversary proceedings until after the Motion to Dismiss is decided, issue a Scheduling Order, and set the Motion to Dismiss for an evidentiary hearing in the Chapter 11 case.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: September 23, 2026

/s/ James D. Sadowski

James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Emails: jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Movants Developer RE1 LLC and 423 Kennedy St. Holdings LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2026, a true copy of the foregoing Motion for Stays, for Entry of a Scheduling Order, and to Set an Evidentiary Hearing was filed electronically and a Notice of Electronic Filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski