**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| JPK NEWCO, LLC, | * | Case No. 25-00200-ELG |
| | * | |
| Debtor. | * | (Chapter 11) |
| | * | |
| | * | |

*************************************************************************

| | | |
|---|---|---|
| JPK NEWCO LLC, *ET AL.* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Adversary No. 25-10015-ELG |
| | * | |
| DEVELOPER RE1, LLC, *ET AL.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

*************************************************************************

| | | |
|---|---|---|
| DEVELOPER RE1, LLC, *ET AL.* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Adversary No. 25-10037-ELG |
| | * | State Court Case 2022-CAB-005935 |
| DP CAPITAL, LLC, *ET AL.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

*************************************************************************

**OPPOSITION TO MOTION FOR STAYS, FOR ENTRY OF A SCHEDULING ORDER, AND TO SET AN EVIDENTIARY HEARING**

Debtor, JPK NEWCO, LLC (the "Debtor"), together with DP Capital LLC, WCP Fund I LLC and Daniel Huertas (together with the Debtor, "Respondents"), as parties in the above-captioned adversary proceedings (collectively, the "Adversary Proceedings"), by counsel, hereby oppose the *Motion for Stays, for Entry of a Scheduling Order, and to Set an Evidentiary Hearing* (Dkt. No. 110) (the "Motion for Stays") filed by Developer RE1 LLC ("Developer RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy," and together with Developer RE1, "Movants"), and state as follows:

## INTRODUCTION

1. The Motion for Stays should be denied. Indeed, granting the Motion to Stays would only prolong the DC Superior Court's interminable "temporary" restraining orders that contravene now applicable federal law and do not address the change in circumstances now faced by the Respondents. The subject loans matured without repayment more than three and a half years ago. Consequently, and by virtue of the Movants' actions, the Debtor is without both its money and collateral. Just as the Court was poised to consider Respondents' *Motion to Dissolve Injunctions* in the Removal Adversary (defined below) by scheduling an evidentiary hearing thereon for October 19, 2026, despite Movants' appeal to the District Court, and with the limited exception of delaying further proceedings on confirmation of the Debtor's proposed Plan pending consideration of the motion to dismiss the bankruptcy case, these cases should proceed in the face of Movants' purported need for discovery and the Debtor's pending appeal to the DC Circuit.

## BRIEF PROCEDURAL HISTORY

2. Before the Court are the Debtor's main bankruptcy case, Adversary No. 25-10015-ELG (the "Turnover Adversary") for turnover pursuant to 11 U.S.C. § 542(b) and certain declaratory relief, and Adversary No. 25-10037-ELG (the "Removal Adversary," and together with the Turnover Adversary, the "Adversary Proceedings") which removed to this Court certain consolidated litigation in the DC Superior Court initially captioned *Developer RE1 LLC v. DP Capital LLC, et al.* and *423 Kennedy St Holdings LLC v. DP Capital LLC, et al.* (the "Superior Court Litigation"). Movants have sought to withdraw the reference as to both Adversary Proceedings. *See 423 Kennedy St Holdings LLC, et al. v. DP Capital LLC, et al.* (D.D.C. Case No. 1:25-mc-00160-JEB); *JPK NewCo LLC, et al. v. Developer RE1 LLC, et al.* (D.D.C. Case No. 1:25-mc-00161-JEB). Presently, however, the Adversary Proceedings remain before this Court.

3. As the Court is well aware, in the Superior Court Litigation, the DC Superior Court entered temporary restraining orders over three years ago, in July and August, 2023, staving-off foreclosure action by the Debtor's predecessor in interest to collect the overdue commercial loans made to Movants (the "Loans"). The DC Superior Court did so without scheduling a preliminary injunction hearing or requiring any bond and the Loans are now more than three and a half years past maturity.

4. Most recently, on September 10, 2026, the District Court reversed and remanded the prior decision of this Court denying Movants' motion to dismiss the Debtor's bankruptcy for bad faith. *See In re JPK NewCo LLC* (D.D.C. Case No. 1:25-cv-03250-SLS). The District Court held that this Court should not have applied the Fourth Circuit's test in *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989), and rather looked at subjective bad faith (even though there was no finding of objective futility).

5. The Debtor has appealed the District Court's decision to the DC Circuit. *See In re JPK NewCo LLC* (DC Cir. Case No. 26-7194). Meanwhile, Movants have sought discovery as to any subjective bad faith of the Debtor and to otherwise stay pursuit of the Debtor's contractual rights under its Loan documents. The Debtor should not be put in what appears to be a boundless position that ignores its discretionary right to make advances on the Loans and continues to deprive the Debtor of both repayment[1] and its collateral security (*which Movants' principal, Mr. Negussie, has admitted is deteriorating*).

[1] As set forth in its *Complaint* in the Turnover Adversary, the Debtor is owed more than $3 million on the Loans.

**ARGUMENT**

6. Respondents acknowledge that the Court has discretion to issue orders to control its docket. However, to grant the Motion for Stays would only prolong the improper temporary restraining orders entered by the DC Superior Court over three years ago, as to which this Court has already scheduled an evidentiary hearing for October 19, 2026.

7. The DC Superior Court's temporary restraining orders are improper under federal law as explained in Respondents' *Motion to Dissolve Injunctions* in the Removal Adversary, incorporated herein by reference. In summary, the Superior Court Litigation became subject to federal law upon removal. *See, e.g.*, *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974) (". . . once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."). The more stringent requirements of a federal injunction now bind these cases:

> When a case is removed to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Importantly, however, "federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."
>
> Under federal law, injunctive relief is an "extraordinary and drastic remedy" that is "never awarded as of right," and "that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion."

*Jones v. District of Columbia*, 177 F. Supp. 3d 542, 545 (D.D.C. 2016) (quoting 28 U.S.C. § 1450; *Granny Goose Foods*, 415 U.S. at 437; *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)).

8. In addition, a federal trial court has the power to modify or dissolve any injunction

in the face of changed circumstances:

> "We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions though it was entered by consent. . . . Power to modify the decree was reserved by its very terms, and so from the beginning went hand in hand with its restraints. If the reservation had been omitted, power there still would be by force of principles inherent in the jurisdiction of the chancery. A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need."

*Sys. Fed'n No. 91 Ry. Employees' Dep't v. Wright*, 364 U.S. 642, 647 (1961) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) (quoting *Ladner v. Siegel*, 148 A. 699 (Pa. 1930))). *See also A&M Records v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) ("A district court has inherent authority to modify a preliminary injunction in consideration of new facts.") (citing *Wright*, 364 U.S. at 647-48; *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 810 (9th Cir. 1963)).

9. The interminable "temporary" restraining orders are not compatible with federal law pertaining to injunctions set forth in Fed. R. Civ. P. 65, applicable to these cases pursuant to Fed. R. Bankr. P. 7065. Under Fed. R. Civ. P. 65(b)(2), a temporary retraining order expires not later than fourteen days after entry. Here, more than three years have passed since entry. Movants' argument that the DC Superior Court's failure to schedule a preliminary injunction hearing was somehow remedied by the scheduling of an expedited trial is completely unavailing given this passage of time.

10. Further, we know from Mr. Negussie's own words that at least the property owned by 423 Kennedy has been "deteriorating" during the period in which foreclosure has been enjoined.

11. The temporary restraining orders are also illegal under now-applicable federal law for failing to require a bond. *See* Fed. R. Civ. P. 65(c) (providing that "[t]he court may issue a preliminary injunction or a temporary restraining order *only if* the movant gives security in an

amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" (emphasis added)).[2] The Debtor and the other Respondents thus bear the full economic liability for the properties' deterioration (or depreciation) since the temporary restraining orders did not come with the requirement of any security being posted and since both Movants are single asset real estate entities. To the extent that the Court is agreeable to staying these proceedings, a bond should be required pursuant to Respondents' request in the *Motion to Dissolve Injunctions*.

12. The Debtor recognizes that the continuation of the bankruptcy case is a condition precedent to having its Plan confirmed and, for that reason, while it does not necessarily believe that a stay is necessary to delay consideration of the filed Plan, the Debtor has not requested, and is not requesting, that the Court schedule further proceedings for consideration of confirmation of the Plan until after the motion to dismiss has been resolved.

WHEREFORE, Respondents request that the Motion for Stays be denied and such other and further relief as is just and proper.

[signatures appear on following page]

[2] The Federal Rules of Bankruptcy Procedure emphasize the mandatory nature of the posting of such a bond or security, by specifically exempting debtors and trustees from the requirement: "Fed. R. Civ. P. 65 applies in an adversary proceeding. But on application of a debtor, trustee, or debtor in possession, the court may issue a temporary restraining order or preliminary injunction without complying with subdivision (c) of that rule." Fed. R. Bankr. P. 7065.

Respectfully submitted,

*/s/ Jeffrey S. Greenberg*
Jeffrey S. Greenberg (Bar ID: MD0134)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street, 21st Floor
Baltimore, MD 21201
(410) 727-6600
jgreenberg@rosenbergmartin.com

*Proposed Special Counsel to JPK NEWCO, LLC and Counsel to DP Capital LLC, WCP Fund I LLC and Daniel Huertas*

*/s/ Steven J. Willner*
Steven J. Willner (Bar No. 888230698)
Neuberger Quinn Gielen
Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202
(410) 332-8550
sjw@nqgrg.com

*Counsel to DP Capital LLC, WCP Fund I LLC and Daniel Huertas*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, a copy of the foregoing Opposition was served via CM/ECF to all parties on record, including:

Jeffrey M. Orenstein, Esquire
Wolff & Orenstein, LLC
15245 Shady Grove Road, Suite 465
Rockville, MD 20852
jorenstein@wolawgroup.com

Kristen S. Eustis, Esquire
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
Kristen.S.Eustis@usdoj.gov

James D. Sadowski, Esquire
Alexandria Jean Smith, Esquire
Greenstein DeLorme & Luchs, PC
801 17th Street, N.W., Suite 1000
Washington, DC 20006
jds@gdllaw.com
ajs@gdllaw.com

Jeremy S. Williams, Esquire
Kutak Rock LLP
1021 East Cary Street, Suite 810
Richmond, VA 23219
jeremy.williams@kutakrock.com

*/s/ Jeffrey S. Greenberg*
Jeffrey S. Greenberg