UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEVELOPER RE1, LLC. ET AL.,<br>*Plaintiffs,*<br>v.<br>DP CAPITAL, LLC, ET AL.,<br>*Defendants.* | Adv. Proc. No. 25-10037-ELG |

**PLAINTIFFS' LIST OF AUTHORITIES**
**FOR MOTION TO DISSOLVE INJUNCTION HEARING**

Developer RE1 LLC ("RE1") and 423 Kennedy St Holdings LLC ("423 Kennedy", and together with RE1, "Plaintiffs"), respectfully submit this list of additional authorities that they may rely upon in opposition to the on the Motion to Dissolve Injunction:

**Cases Regarding the Standard for Dissolving an Injunction:**

*Doe v. Shanahan,* 755 F. App'x 19, 22 (D.C. Cir. 2019.

Propositions/Rule/Holding/Takeaway from the Case:

- A party seeking to dissolve an injunction has the burden of showing "a significant change either in factual conditions or in law" such that continued enforcement of the injunction would be "detrimental to the public interest.";
- The Court does not consider the propriety of the underlying order, but limits review to the new material presented with respect to the motion to dissolve. The inquiry is limited to whether the movant has demonstrated that changed circumstances make the continuation of the injunction inequitable; and
- The motion to dissolve cannot be used to revisit the initial injunction.

*SEC v. Vision Communs.*, Civil Action No. 94-0615 (CRR), 1995 U.S. Dist. LEXIS 2868, at *4 (Mar. 6, 1995)

Propositions/Rules/Holding/Takeaways From the Case:

- An injunction may be dissolved where, for instance, changed circumstances eviscerate the justification therefor, or where failure to dissolve the injunction would occasion severe hardship upon the parties, although hardship alone will not constitute in and of itself "changed circumstances".

*Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd.*, 74 F.R.D. 621, 623 (S.D.N.Y. 1977)

Propositions/Rules/Holding/Takeaways from the case:

- The term “changed circumstances” refers to events which occurred subsequent to entrance of the order and which make it unfair to continue the injunction (citing *United States v. Swift & Co.,* 286 U.S. 106, 114-15 (1932) and *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 810 (9th Cir.), *cert. denied*, 375 U.S. 821, 84 (1963) and *American Optical Co. v. Rayex Corp.*, 291 F. Supp. 502 (S.D.N.Y.1967) (Tenney, J.); and

- The mere fact that the injunction creates hardships for the enjoined party is not in and of itself a changed circumstance. (citing) *SEC v. Thermodynamics, Inc.*, 319 F. Supp. 1380 (D.Colo.1970), *aff'd*, 464 F.2d 457 (10th Cir. 1972), *cert. denied*, 410 U.S. 927 (1973).

*AIDS Vaccine Advoc. Coal. v. United States Dep't of State*, Civil Action No. 25-00400 (AHA), 2025 LX 45837, at *8 (D.D.C. May 13, 2025).

Propositions/Rules/Holding/Takeaways from the Case:

- Holding that Defendants have not made the showing necessary to warrant partial dissolution of the preliminary injunction; and

- A party seeking to dissolve an injunction has the burden of showing 'a significant change either in factual conditions or in law' such that continued enforcement of the injunction would be 'detrimental to the public interest.'" (citing *Doe v. Shanahan* and *Am. Council of the Blind v. Mnuchin*, 878 F.3d 360, 366, 433 U.S. App. D.C. 383 (D.C. Cir. 2017).) (and quoting *Horne v. Flores,* 557 U.S. 433, 447, 129 S. Ct. 2579, 174 L. Ed. 2d 406 (2009).

**Cases Showing that a Bond Is Not Required and/or a Nominal Bond May Be Imposed.**

*Sweeney v. Pennington, No*. 25-cv-1999-AHA-MJS, 2026 LX 396598, at *26 n.10 (D.D.C. July 24, 2026).

Propositions/Rules/Holding/Takeaways From the Case:

- Holding that Defendants have not made the showing necessary to warrant partial dissolution of the preliminary injunction;

- In granting preliminary injunctive relief, courts retain "broad discretion" in determining the amount of a bond, and under appropriate circumstances, may even "require no bond at all." (citing *Sutton Invs.*, 2021 U.S. Dist. LEXIS 244405, 2021 WL 6062635, at *6 n.4 (quoting *DSE, Inc. v. United States*, 169 F.3d 21, 33, 335 U.S. App. D.C. 105 (D.C. Cir. 1999), *Council on American-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 80 (D.D.C. 2009); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759, 205 U.S. App. D.C. 47 (D.C. Cir. 1980)); and

- Noting also that it can be especially appropriate to excuse a bond where there '"has been no proof of likelihood of harm to the party enjoined." (citing *Fed. Prescription Serv., Inc.*, 636 F.2d at 759 (citation omitted).

*Sutton Invs. LLC v. Perlmutter*, Civil Action No. 1:21-cv-3226 (CJN), 2021 U.S. Dist. LEXIS 244405, at *17 n.4 (D.D.C. Dec. 22, 2021).

Propositions/Rules/Holding/Takeaways From the Case:

- Noting that courts have fractured over whether that Rule 65's mandatory language requires a movant seeking injunctive relief to post security in all circumstances;

- Agreeing that a finding of no bond was permissible, noting that [o]ther Judges in this Circuit have found that Rule 65(c) "vest[s] broad discretion in the district court to determine the appropriate amount of an injunction bond . . . including the discretion to require no bond at all" (citing *DSE, Inc. v. United States*, 169 F.3d 21, 33, 335 U.S. App. D.C. 105 (D.C. Cir. 1999) and *Council on American-Islamic Rels. v. Gaubatz,* 667 F. Supp. 2d 67, 80 (D.D.C. 2009); and

- In deliberating upon the appropriate injunction bond, the court took note of DSE's limited financial resources, the potential burden on the Army under its contract with AMTEC to provide compensation for any delay, and AMTEC's failure to provide sufficient documentation to the SBA. After balancing the prospective hardships, the court directed DSE to post a minimal bond and declared that AMTEC, who had intervened in the litigation and was deemed the party at fault, should not be entitled to compensation from the Army for any delay in the beginning of performance under the contract.

*Council on Am.-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 81 (D.D.C. 2009).

Propositions/Rule/Holding/Takeaways from the case:

- Noting that under Rule 65 "[t]he court may issue . . . a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."; and

- Noting further that Rule 65 has been read "to vest broad discretion in the district court to determine the appropriate amount of an injunction bond." *DSE, Inc. v. United*

*States*, 169 F.3d 21, 33, 335 U.S. App. D.C. 105 (D.C. Cir. 1999); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759, 205 U.S. App. D.C. 47 (D.C. Cir. 1980) (discussing the widely recognized discretion that a district court granting temporary injunctive relief has with respect to the security requirement of Rule 65(c)); and

- After considering the records as a whole, the Court concluded that "no security is necessary in this case" because "it did not appear that Defendants would be substantially injured by issuance of an [injunction].

*Sanofi-Synthelabo v. Apotex, Inc.,* 470 F.3d 1368, 1385 (Fed. Cir. 2006).

<u>Propositions/Rules/Holding/Takeaways from the Case:</u>

- Noting that the amount of a bond is a determination that rests within the sound discretion of a trial court (citing *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997);

- The court based its determination on evidence presented before the court that concerned Apotex's "potential lost profits, lost market share and associated costs of relaunch" in the event of wrongful enjoinment. *Sanofi-Synthelabo*, 2006 U.S. Dist. LEXIS 65127, slip op. at 57. We find no basis for disturbing the court's assessment of the facts, and thus conclude that the court did not abuse its discretion in setting the bond amount.

*City of N.Y. v. Lopez,* No. 21-CV-7862 (JPO), 2025 LX 191262, at *5 (S.D.N.Y. June 10, 2025)

<u>Propositions/Rules/Holding/Takeaways from the Case:</u>

Noting that the party enjoined failed to explain why a change in circumstances warrants the imposition of a Rule 65(c) bond requirement and deciding to not impose a bond even though the person enjoined claimed he was suffering business losses.

*Beatty v. Trump,* 834 F. Supp. 3d 41, 103 (D.D.C. 2026).

<u>Propositions/Rules/Holding/Takeaways from the Case:</u>

- Noting that Rule 65(c) gives this court broad discretion to determine the appropriate amount of an injunction bond," which may include imposing "no bond at all." (citing *North. Am. Bldg. Trades Unions,* 783 F. Supp. 3d at 315 (cleaned up and *P.J.E.S. by and through Escobar Francisco v. Wolf,* 502 F. Supp. 3d 492, 520 (D.D.C. 2020) and *Simms v. Dist. of Columbia,* 872 F. Supp. 2d 90, 107 (D.D.C. 2012);

- Further noting that while the Defendants have generally argued that enjoining the closure would be prejudicial, but failed they "have not pinpointed quantifiable costs they would incur as a result of the injunction";

- Further noting that the Court was not provided with any evidence to confirm the extent to which some phased or shortened construction would be more expensive than the full shutdown, nor has it been provided with any master construction plan with up-to-date cost schedules; and

- Finally noting that "[o]n this basis, the Court has no way of knowing whether the costs of complying with its PI are more than hypothetical, and it will not speculate on a figure . . .. In light of all this, and the cautious scope of the PI itself, the Court finds that a nominal bond of $1.00 is appropriate (citing *Cf. Endocrine Soc'y v. FTC*, No. 26-cv-512 (JEB), 2026 U.S. Dist. LEXIS 101519, 2026 WL 1257289, at *15 (D.D.C. May 7, 2026) (finding a nominal $1.00 bond sufficient).

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: October 21, 2026

/s/ James D. Sadowski

James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Emails: jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Plaintiffs Developer RE1 LLC and 423 Kennedy St Holdings LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2026, a true copy of the foregoing Plaintiffs' List of Authorities for Motion to Dissolve Injunction Hearing was filed electronically and a Notice of Electronic Filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski

James D. Sadowski